UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JESUS ALEXI PINEDA | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. L-10-21 |
| | § | CRIMINAL CASE NO. L-09-865 |
| UNITED STATES OF AMERICA | § | |

**OPINION & ORDER**

Pending before the Court is Petitioner Jesus Alexi Pineda's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. [Civ. Dkt. No. 1]. On June 11, 2009, Petitioner plead guilty to 8 U.S.C. § 1326. He was sentenced on September 2, 2009 to 46 months of imprisonment and 3 years of supervised release. Petitioner did not appeal his conviction or sentence. He now requests that this Court reduce his sentence based on his status as a deportable alien. For the reasons stated below, the Court dismisses Petitioner's claims for a reduction in time under § 2255 with prejudice, and to the extent Petitioner articulates an equal protection claim under 28 U.S.C. § 2241, dismisses this claim without prejudice.

I.   DISCUSSION

Petitioner claims that because he is a deportable alien, the Court should grant him a reduction of his sentence because he cannot participate in drug treatment programs and cannot be housed in a half-way house. He also claims that due to his alien status, he is being denied equal protection of laws.

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United*

*States v. Vaugh,* 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).  Generally, § 2255 allows relief in four areas: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.

Petitioner's first request, for a reduction in sentence is foreclosed for two reasons.  First, the Fifth Circuit has held when alien status is an inherent element of the crime, the Sentencing Commission has already factored this into the guideline sentencing range, and a district court therefore may not depart from the range on this basis.  *United States v. Nnanna*, 7 F.3d 420 (5th Cir. 1993); *United States v. Garay*, 235 F.3d 230, 233 n.18, 234 (5th Cir. 2000).  While Petitioner's alien status does not serve as a basis for departure, Petitioner was sentenced under an advisory Guideline scheme.  Thus, the Court could have and did consider Petitioner's history and characteristics, including his alienage, see 18 U.S.C. § 3553(a), but chose to sentence Petitioner within the Guidelines.  The second reason Petitioner's request is foreclosed is pursuant to 18 U.S.C. § 3582(c) which, with exceptions not applicable here, prohibits a court from modifying a term of imprisonment once imposed.

Petitioner's second claim, denial of equal protection and due process, is constitutional, and may generally be considered under 28 U.S.C. § 2255.  However, Petitioner's argument-that a deportable alien serves his sentence under circumstances more severe than those facing citizens of the United States-actually concerns the execution of a sentence, and is therefore only proper under 28 U.S.C. § 2241.  *Carvajal v. Tombone,* 31 Fed. App'x 155, at *1 (5th Cir. 2001) (unpublished opinion) (citing

*United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).  To construe such a claim as a § 2255 motion is reversible error.  See *Carvajal,* 31 Fed. App'x 155, at *1.  Motions under 28 U.S.C. § 2241 must normally be brought in the place of the Petitioner's confinement, which in this case is Washington, Mississippi.  Therefore, this Court appears to lack statutory jurisdiction to hear the claim.

The Court normally would transfer the case to the place of the Petitioner's confinement.  See 28 U.S.C. § 1631.  When a court lacks jurisdiction, § 1631 states that the court "shall, if it is in the interest of justice, transfer such action" to the proper court.  However, the Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume judicial time and energy.  *Chandler v. Commander*, *Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989); see also *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (holding that "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed") (citation omitted); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir. 2003) (reasoning that a court has implicit authority under § 1631 to "take a peek" at the merits when deciding whether to transfer or dismiss).  The Court will therefore "take a peek" at the merits to determine whether transfer would serve the interest of justice.

Petitioner alleges that because he cannot participate in a drug treatment program, or serve a portion of his sentence in a halfway house, he is being treated differently from similarly situated United States citizens.  *Cf. Samaad v. City of Dallas*, 940 F.2d 925, 941 (5th Cir. 1991).  Because INS detainee-status is not a suspect classification, the Petitioner must show that there is no rational basis for treating him

differently from similarly situated United States citizens. *Carvajal*, 31 Fed. App'x 155, at *1 (citing *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998)).

A "peek" at Petitioner's claims reveals their lack of merit. Petitioner has not alleged that denying deportable aliens either drug treatment programs, or a chance to serve time in minimum security facilities or halfway houses, lacks a rational basis. *Cf. Rublee*, 160 F.3d 213, 214, 217 (5th Cir.1998) (holding that flight risk of deportable aliens is rational basis for ineligibility for community-based programs); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir.1998) (applying "rational basis" review of equal protection claim to have right to early release). The BOP's exclusion of INS detainees such as Petitioner from drug treatment programs, minimum security prisons, and halfway houses is therefore constitutional. Moreover, there is no constitutional right to be released before the expiration of a valid sentence. *Wottlin*, 136 F.3d at 1037. Petitioner's claim under 28 U.S.C. § 2241 lacks merit, and the Court will therefore dismiss, not transfer, this claim. See § 1631; *Chandler*, 210 F.3d at 1150.

II. ORDER

Based on the foregoing, Petitioner's motion pursuant to 28 U.S.C. § 2255 is DISMISSED with prejudice on the merits. Petitioner's equal protection claims are DISMISSED without prejudice. Should Petitioner seek one, a certificate of appealability is DENIED as to his Motion For Time Reduction.

IT IS SO ORDERED.

DONE at Laredo, Texas this 21st day of June, 2010.

_____
Micaela Alvarez
United States District Judge